(No. 91-CC-2734-)

RABINOWITZ COMMUNICATIONS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 14, 1991.*

RABINOWITZ COMMUNICATIONS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (PHILLIP McQUILLAN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Montana, C.J.

Claimant Rabinowitz Communications brought this claim seeking payment of $11,550.00 for telecommunications services. In its standard lapsed appropriation form complaint, Claimant alleged that it made demand for payment to the Respondent's Department of Central Management Services (CMS) which manages the Respondent's Telecommunications Revolving Fund. Claimant further alleged that its demand was refused on the grounds that the funds appropriated for the payment had lapsed. The parties filed a joint stipulation as to the facts and have agreed to have the Court decide the case based on that joint stipulation. The case is now before us.

In relevant part, the parties stipulated to the following:

"1. This claim was brought for telecommunication services provided by the claimant to the Office of the Attorney General. Claimant herein is seeking $10,190.00 based on services performed, which is a lesser amount than the original claimed amount.

2. The services for which this claim is made were performed to the satisfaction of the Office of the Attorney General.

3. The telecommunication funds for the Office of the Attorney General have been depleted. No additional money from the Office of the Attorney General is available for payment of this claim.

4. The Telecommunication Fund administered by the Department of Central Management Services, appropriation No. 312-41655-1700-0000, had remaining as of September 30, 1990, sufficient funds.

5. A part of the claim, i.e., $835.00, was incurred and is owed by the Illinois Asbestos Abatement Authority, and the Illinois Asbestos Abatement Authority had sufficient lapsed funds to pay said amount.

6. The respondent agrees that had the Office of the Attorney General funds not been depleted the Office of the Attorney General would have paid the claimant, Rabinowitz Communications, $10,190.00.

Wherefore respondent respectfully moves this Court to enter an Order for the payment of this claim in accordance with the above Stipulation, or, in the alternative, make a special recommendation to the General Assembly to pay this claim."

CMS is primarily responsible for the payment of telecommunications expenses through its revolving fund which was created specifically for that purpose. After payment, CMS seeks reimbursement to the fund from the user agency. For a discussion of the use and purpose of revolving funds see *Correctional Industries v. State*, No. 90-CC-0023, as yet unpublished; Order filed May 14, 1991. Claimant named CMS as the Respondent agency. When claims are made against revolving funds for which the agency which administers the fund has not been reimbursed, the Court has looked to the user agency for payment and made its awards payable not with revolving funds but from the same source of funds which the user agency would have used to make the reimbursement. If an award were made payable from the revolving fund, the fund would be reduced by the amount of the award without being able to recoup the money other than filing a claim here. Thus, bypassing the revolving fund appears to be the correct procedure from an accounting perspective and a practical standpoint.

However, in the case at bar the user agency did not lapse sufficient funds to make the reimbursement to the revolving fund. This does not negate the fact that CMS is primarily responsible and we enter judgment in Claimant's favor payable from the revolving fund. The alternative request in the stipulation—making a recommendation to the General Assembly—is noted. Regardless of whether an award payable with revolving

fund money is made or a recommendation is made, the General Assembly will have to act on this case. The Court cannot make direct payment with revolving funds. It is for the consideration of this claim by the General Assembly that the Court has explained this decision. We also note for that purpose that the departmental reports which were filed with the stipulation and offered as *prima facie* evidence of the facts contained therein pursuant to 74 Ill. Adm. Code 790.140 indicate that both CMS and the user agency, the office of the Attorney General, agree that this is a valid claim.

It is hereby ordered that the Claimant be, and hereby is, awarded $10,190.00 in full and final satisfaction of this claim, said award to be paid from the CMS Telecommunication Revolving Fund, No. 312.